IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

CRIMINAL CASE

v.

NO. 1:09-CR-541-JEC

BRIAN GRAHAM,

Defendant.

### ORDER

This case is before the Court on defendant's Motion to Suppress Statement [43] and defendant's Motion in Limine [51]. The case is set for trial, on October 25, 2010, before the Honorable Richard W. Goldberg, sitting by designation.

The Court had referred the Motion to Suppress Statement [43] to the magistrate judge, who has now issued a Report and Recommendation recommending the denial of that motion [58]. The Court concurs with the reasoning and findings of the magistrate judge and adopts his Report and Recommendation as this Court's opinion. Therefore, defendant's Motion to Suppress Statement [43] is **DENIED.**

The motion in limine [51] seeks, among other things, suppression of the defendant's custodial statement, which matter has now been ruled on. Much of the rest of the motion seeks very generalized

AO 72A
(Rev.8/82)

relief and makes no specific allegations or arguments upon which the Court can rule. That is, defendant seeks to preclude the admission of any evidence of a statement made by the defendant not provided to him in discovery. (*Id.* at ¶ 3.) Such a motion is premature at this time, as there is no indication that the Government will seek to introduce such evidence. Likewise, the applicable discovery rules require the Government to disclose only certain types of statements made by a defendant, not all statements.

Defendant also objects to any testimony by a witness that has not been properly provided to the defense in accordance with applicable discovery provisions. (*Id.* at ¶ 5.) There is no indication that such testimony will be presented and, accordingly, the Court denies this motion without prejudice.

Defendant also seeks to preclude admission of any in-court identification of the defendant absent a showing that the identification has not been impermissibly tainted. (*Id.* at ¶ 6.) Such a motion should have been litigated as part of the defendant's pretrial motions and the pretrial motions period in this case has long expired. Accordingly, the Court **DENIES** this motion.

Finally, defendant opposes the introduction of any Rule 404(b) evidence, as the Government has not notified the defendant of such evidence, as required by law. (*Id.* at ¶ 2.) Since the filing of defendant's motion, the Government has provided a notification of

2

certain Rule 404(b) evidence that it seeks to introduce at trial.

Defendant has not filed any objection to the evidence described in the Government's notice. To determine defendant's position, the Court convened a telephone conference with counsel this date. The Government has indicated that it will no longer seek to introduce some of the evidence identified in its Notice. The evidence that the Government will seek to introduce is evidence pertaining to two other bank accounts in which the defendant's alleged conspirators, Sean and Lawanda Moody, deposited and withdrew funds at the defendant's behest. The Government considers this evidence not to constitute Rule 404(b) evidence, but instead to be inextricably intertwined with the facts of this case. Out of an abundance of caution, however, the Government included this evidence in its notice.

Defendant does not object to the admission of this evidence. Accordingly, given both the Government and the defendant's position on this matter, the Court denies as moot that part of defendant's motion seeking to preclude admission of other acts evidence.

## CONCLUSION

The Court **DENIES** both defendant's Motion to Suppress Statement [43] and defendant's Motion in Limine [51].

SO ORDERED, this 22 day of OCTOBER, 2010.

_____
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

4