UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

-vs-                                                            Case No. 1:09-CR-541-RWG-1

BRIAN GRAHAM

Defendant's Attorney:
Dennis C. O'Brien

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant was found guilty by jury on Count 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
| --- | --- | --- |
| 18 U.S.C. §1344 | Bank Fraud | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$ 100** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.      xxx-xx-2819         Date of Imposition of Sentence: January 19, 2011
Defendant's Date of Birth:     1976
Defendant's Mailing Address:
Lithia Springs, Georgia

Signed this the 19th day of January.

RICHARD W. GOLDBERG
UNITED STATES DISTRICT JUDGE

1:09-CR-541-RWG-1 : BRIAN GRAHAM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **FORTY ONE (41) MONTHS as to Count 1.**

The Court will waive the fine and cost of incarceration in this case.

The Court **RECOMMENDS** that defendant serve his incarceration at a facility in or near the Atlanta area and that the facility be suitably capable to address the Defendants medical needs.

The Defendant shall **VOLUNTARILY SURRENDER** to the United States Marshal for this district at a time and place designated by the Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:09-CR-541-RWG-1 : BRIAN GRAHAM

# RESTITUTION

The defendant shall make restitution, jointly and severally, with defendants Lawana Moody (1:09-cr-363-01) and Sean Moody (1:09-cr-363-02) to the following entity in the following amount:

| Name of Payee | Amount of Restitution |
|---|---|
| Bank of America<br>Fraud Department<br>100 N. Tryon Street<br>Charlotte, North Carolina 28202 | **$190,399.42** |

1:09-CR-541-RWG-1 : BRIAN GRAHAM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**.

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall comply with the standard conditions that have been adopted by this Court, and shall comply with the following additional conditions:

1. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

2. The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

3. The defendant shall submit to any reasonable search of his person, property (real, personal, or rental), residence, office, and/or vehicle(s), at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

4. Pursuant to 42 U.S.C. §14135a(d)(1) and 10 U.S.C. §1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the probation officer.

1:09-CR-541-RWG-1 : BRIAN GRAHAM

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.